UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE PEOPLES,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF CONTRA COSTA, GUS S. KRAMER in his individual capacity, LORI KOCH in her individual capacity, and DOES 1 through 15 inclusive,<br><br>    Defendants.<br>_____/ | No. C 07-00051 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Plaintiff's Motion to File Second Amended Complaint** |

       This employment discrimination action involves several incidents in which plaintiff Bernice Peoples ("Peoples")—an African-American woman who is employed as a tax assessor for defendant Contra Costa County—applied for, but was denied a promotion. Plaintiff asserts claims of discrimination under federal and state law against defendants Contra Costa County ("County") and two employees involved in the promotion decisions—Gus S. Kramer ("Kramer") and Lori Koch ("Koch"). Now before the court is plaintiff's motion to file a second amended complaint. Having considered the parties' arguments and submissions, and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

       Peoples filed this action on January 4, 2007. The complaint as amended on March 16, 2007 alleges four causes of action. First, against all defendants, Peoples alleges race discrimination in violation of 42 U.S.C. section 1981. First Amended Complaint ¶¶ 23–24. Second, against defendants Kramer and Koch, she alleges race discrimination in violation of 42 U.S.C. section 1983 and the Fourteenth Amendment. Id. ¶ 25–27. Third, against defendant County of Contra Costa, she

alleges a custom, policy, and practice of race discrimination in violation of 42 U.S.C. section 1983 and the Fourteenth Amendment. Id. ¶¶ 28–31. Fourth and finally, against all defendants, she alleges race and gender discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code §§ 12900 *et seq.* Id. ¶¶ 32–35.

Peoples now requests leave to file a second amended complaint to (1) amend the second cause of action against Kramer and Koch for violation of 42 U.S.C. section 1983 to allege not race discrimination alone, but race and gender discrimination; (2) add a cause of action for retaliation against defendant County under FEHA; (3) add a cause of action for retaliation against defendant Kramer under 42 U.S.C. section 1983; and (4) delete the existing third cause of action against the County for race discrimination based on custom, policy, and practice in violation of 42 U.S.C. section 1983. See Docket No. 109, Price Second Supp. Dec., Exh. A, Revised Second Amended Complaint.[1]

On April 10, 2008, Peoples moved for leave to amend, and under the briefing schedule set forth in Civil L.R. 7–2, noticed it for hearing on May 19. The court's scheduling order does not state a deadline to amend the First Amended Complaint. However, under the scheduling order, the deadline for fact discovery was February 15. Summary judgment motions were to be noticed by March 24 and the court on May 5 heard oral argument on the summary judgment motions. The deadline to submit jury instructions and other pre-trial filings was May 16 (four days after the hearing on this motion was held). Pretrial conference was set for May 26 and trial is to begin on June 9. See August 29, 2007 Scheduling Order, Docket Entry 22; January 31, 2008 Stipulation and Order to Enlarge Discovery Cut-off, Docket Entry 25.

LEGAL STANDARD

Although the court's scheduling order did not set a deadline by which to amend the First Amended Complaint, plaintiff's motion for leave to amend necessarily requires modification of the pre-trial deadlines and the corresponding trial dates. Under Federal Rules of Civil Procedure ("FRCP") Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." A party seeking to amend the pleadings after the date specified in the scheduling order

2

1  must first show "good cause" for modifying the scheduling order under Rule 16(b)(4).  Johnson v.
2  Mammoth Recreations, Inc., 975 F.3d 604, 608 (9th Cir. 1992) (citing Forstmann v. Culp, 114
3  F.R.D. 83, 85 (M.D.N.C. 1987)).  If "good cause" is shown, the party must then demonstrate that
4  amendment is appropriate under FRCP Rule 15(a) which provides that leave to file amended
5  pleadings should be freely granted "when justice so requires."  Id.

6       "A court's evaluation of good cause [under Rule 16(b)(4)] is not coextensive with an inquiry
7  into the propriety of the amendment under [Rule 15(a)]."  Id. at 609.  Unlike Rule 15(a)'s liberal
8  amendment policy which focuses on the undue delay or bad faith of the party seeking amendment,
9  the prejudice to the opposing party, and the futility of the amendment, see Griggs v. Pace American
10 Group, Inc., 170 F.3d 877, 880–81 (9th Cir. 1999), Rule 16(b)(4)'s "good cause" standard primarily
11 considers the diligence of the party seeking the amendment.  Johnson, 975 F.3d at 609.  The district
12 court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the
13 party seeking the extension."  Id.  Although the existence or degree of prejudice to the party
14 opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry
15 is upon the moving party's reasons for seeking modification.  Id.

16

17 DISCUSSION

18      Peoples does not claim that the factual allegations giving rise to her claims for retaliation
19 against the County and Kramer were unknown at the time she commenced this action in January
20 2007.  The facts which form the basis of her retaliation claims are in the Complaint and the First
21 Amended Complaint.  See Complaint ¶¶ 12–13 (Peoples "lodged a complaint of gender
22 discrimination based upon sexual harassment against defendant Kramer" in August 2000, and "since
23 she filed her sexual harassment complaint . . . , [she] has been consistently passed over for
24 promotion" in both 2005 and 2006); First Amended Complaint ¶¶ 12–13 (same).  Peoples does not
25 seek leave to amend to add newly discovered claims.  Rather, Peoples seeks leave to amend to add a
26 claim for which she now believes she has evidence to make the claim viable.

27      Peoples' counsel Pamela Y. Price ("Price") attests that she did not include a claim for
28 retaliation in the prior complaints "based upon [her] interpretation of legal precedents which suggest

3

1  that the possibility of establishing a causal link is extremely difficult when there is a significant
2  lapse of time between retaliatory acts and protected activity." Price Dec. ¶ 5.  However, on April 1,
3  2008, James E. Hicks ("Hicks"), Peoples' union representative, gave deposition testimony that
4  shortly after Peoples filed a sexual harassment complaint against Kramer in 2000, Kramer told Hicks
5  that he would never promote Peoples because of the sexual harassment complaint.  Id.  Until Hicks
6  testified under oath to Kramer's statement, counsel Price "did not believe that [there was] sufficient
7  evidence to pursue a retaliation claim."  Id.

8       Price initially contacted Hicks in July 2007 to schedule an interview.  Id.  Throughout the
9  Fall of 2007, Price made repeated attempts to meet with Hicks, but because of Hicks' severe medical
10 complications, she was not able to meet with him until January 31, 2008.  Id. ¶ 9.  On that day,
11 Hicks was interviewed by one of Price's associates and agreed to make himself available for a
12 deposition in February.  Id. ¶ 11.  His deposition was arranged for February, but Hicks was unable to
13 attend because he had traveled to Arkansas and his return flight was grounded by poor weather
14 conditions.  Hicks Dec. ¶ 9.  The deposition was rescheduled for March 4 but the deposition did not
15 occur because according to Price, defense counsel did not appear.  Price Dec. ¶ 12.  The deposition
16 was rescheduled for the next day on March 5, but it did not occur because Hicks suffered a heart
17 attack.  Hicks Dec. ¶ 10.  Finally, on April 1 Hicks was able to give his deposition testimony.  Id. ¶
18 11.  Price, on behalf of her client plaintiff Peoples, filed this motion for leave to amend shortly
19 thereafter on April 10.

20      The court questions counsel's decision to not assert a claim for retaliation in the prior
21 complaints.  FRCP Rule 11 requires that an "attorney . . . certif[y] to the best of the person's
22 knowledge, information, and belief, formed after an inquiry reasonable under the circumstances"
23 that "the claims . . . are warranted by existing law or by a nonfrivolous argument for extending,
24 modifying, or reversing existing law" and that "the factual contentions have evidentiary support, or
25 if specifically so identified, will likely have evidentiary support after a reasonable opportunity for
26 further investigation or discovery."  Rule 11 dictates the standards for investigation and research
27 necessary for an attorney to sign, file and submit a complaint, but the standard is not the same as the
28 standard of proof at trial.  Sworn testimony is not required for factual allegations in a complaint and

4

an attorney may assert a claim even if it may require a nonfrivolous extension or modification of the existing law.

Notwithstanding counsel's questionable decision to not assert a retaliation claim in the prior complaints, the court finds that there is "good cause" under Rule 16(b)(4) for plaintiff to amend the complaint at this late stage, even though it will necessarily require modification of the court's scheduling order. Plaintiff's counsel Price was diligent in seeking the deposition testimony of Hicks, but was thwarted in her efforts due to conditions beyond her control. Once Price obtained Hicks' testimony, she promptly sought a stipulation from defense counsel, and failing that, filed the instant motion shortly thereafter.

Amendment to include a retaliation claim is also appropriate under Rule 15(a). For the same reasons that the court finds "good cause" under Rule 16(b)(4) to modify the scheduling order, the court finds that under Rule 15(a), plaintiff does not bring this motion after undue delay or in bad faith. Moreover, amendment is not futile because under FEHA, plaintiff's claim for retaliation against the County was administratively exhausted. Although a retaliation claim does not appear on the face of the formal charge, it is clear from Peoples' pre-complaint questionnaire and the intake notes that she complained to the Department of Fair Employment and Housing about her prior sexual harassment complaint and the subsequent failure to promote. See Docket No. 73. Retaliation is also cognizable against defendant Kramer under section 1983, and under that statute, administrative exhaustion is not required. Lastly, because the court will modify the pretrial and trial dates to accommodate plaintiff's amended complaint, any prejudice defendant may suffer will be mitigated. Although the complaint did not formally assert a retaliation claim, the factual basis of the claims was alleged in both the Complaint and the First Amended Complaint. Defendant, therefore, has had ample notice of the potential retaliation claims.

With respect to plaintiff's request for leave to amend the existing section 1983 claim for discrimination against Kramer and Koch, the court notes that the existing FEHA claim for discrimination already alleges both race and gender discrimination. From the outset, plaintiff could have also pled the section 1983 claim as both a race and gender claim. At this late stage, plaintiff offers no explanation for this omission, and the court finds that plaintiff's request is untimely.

5

However, allowing plaintiff to amend the section 1983 claim against Kramer and Koch to allege both race and gender would be neither futile nor prejudicial to defendants. Although the parties dispute whether plaintiff has properly exhausted a gender discrimination claim under FEHA, that dispute does not bear on the section 1983 claim because exhaustion is not required under section 1983. Accordingly, amendment of the section 1983 claim would not be futile. Moreover, prejudice to the defendants is minimal because one claim in this litigation has already proceeded under a theory of race and gender discrimination and discovery has been conducted accordingly. As the court has already noted, whatever prejudice exists may be mitigated by postponing the pretrial and trial dates. On balance, although amendment of the section 1983 claim to include gender discrimination is untimely, the court finds that leave to amend should be granted because it is not futile or unduly prejudicial to defendants.

Finally, plaintiff requests leave to amend to delete the existing third cause of action against the County for race discrimination based on custom, policy, and practice in violation of 42 U.S.C. section 1983. The reason for the deletion is that defendant County has moved for summary judgment on this cause of action and plaintiff does not oppose the motion. Plainly, this deletion is not made in bad faith and is not untimely, futile or prejudicial, and plaintiff's request to amend is therefore granted.

CONCLUSION

Plaintiff's motion to file a second amended complaint is GRANTED in its entirety. The proposed revised second amended complaint (Docket No. 109, Exh. A) is deemed filed, and defendants shall file their answer or otherwise respond within fourteen (14) days of the date of this order. The Clerk shall contact the parties to re-schedule the pretrial and trial dates.

IT IS SO ORDERED.

Dated: May 27, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

6

ENDNOTES

1.      Plaintiff filed a proposed second amended complaint on April 10, 2008, attaching the complaint to her opening brief. See Docket No. 62. She later filed a *revised* proposed second amended complaint on May 6, 2008, attaching the revised complaint to her reply brief. See Docket No. 109. Defendant has objected to the revised complaint because it proposes a further amendment that was not included in the initial proposed complaint, namely the addition of a retaliation claim against the County under FEHA. See Docket No. 113. However, the retaliation claim against the County under FEHA is nearly identical to the retaliation claim against Kramer under section 1983. While the former was not included in the initial proposed amendment, the latter was. Accordingly, defendants have had the opportunity to respond to the new retaliation claims and have in fact done so. The apparent reason for plaintiff's revised complaint is that in the interim between the filing of the opening and reply briefs, she received records from the Department of Fair Employment and Housing showing that plaintiff complained of retaliation based upon her filing a previous sexual harassment complaint.