

# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823

TELEPHONE  (415) 984-8700
FACSIMILE  (415) 984-8701
www.omm.com

NEW YORK

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

September 12, 2008

OUR FILE NUMBER
0170446-1808

**VIA E-FILING**

WRITER'S DIRECT DIAL
(415) 984-8758

Hon. Marilyn Hall Patel
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

WRITER'S E-MAIL ADDRESS
rwall@omm.com

Re:     _**Peoples v. Contra Costa County et al.**_, **C-07-00051-MHP**

Your Honor:

As instructed by the Court, attached please find a proposed order authorizing Defendants to issue certain third-party subpoenas as discussed at the telephonic discovery conference on September 11, 2008.

Very truly yours,

_/s/ **Robin M. Wall**_

Robin M. Wall
for O'MELVENY & MYERS LLP

Attachments

cc:     Pamela Y. Price, Esq.

SF1:727900.1

1   RANDALL W. EDWARDS (S.B. #179053) redwards@omm.com
    ROBIN M. WALL (S.B. #235690) rwall@omm.com
2   DAMALI A. TAYLOR (admitted *pro hac vice*)
    O'MELVENY & MYERS LLP
3   Two Embarcadero Center
    28th Floor
4   San Francisco, CA  94111-3305
    Telephone:   (415) 984-8700
5   Facsimile:   (415) 984-8701

6

7   Attorneys for Defendants
    COUNTY OF CONTRA COSTA, GUS S. KRAMER
    and LORI KOCH
8

9                  **UNITED STATES DISTRICT COURT**

10                **NORTHERN DISTRICT OF CALIFORNIA**

11

12  BERNICE PEOPLES,                    Case No.  C-07-0051 MHP

13                  Plaintiff,          **[PROPOSED] ORDER PERMITTING
                                        THIRD-PARTY DISCOVERY**
14          v.

15  COUNTY OF CONTRA COSTA,
    GUS S. KRAMER in his individual
16  capacity, LORI KOCH, in her
    individual capacity and DOES 1
17  through 15 inclusive,

18                  Defendants.

19

20

21

22

23

24

25

26

27

28

1   WHEREAS trial in this matter is set to begin on October 7, 2008; and

2   WHEREAS Defendants seek certain third-party discovery related to Plaintiff's

3   Revised Second Amended Complaint as indicated at the telephonic discovery conference

4   on September 11, 2008;

5   IT IS HEREBY ORDERED THAT Defendants are authorized to issue and serve

6   the following third-party discovery in addition to those depositions ordered during the

7   discovery conference:

8   (1)    A subpoena commanding production and inspection and copying of

9   documents and appearance by the custodian of record for deposition addressed to

10   American Federation of State County and Municipal Employees, Local 512 in the form

11   attached hereto as Exhibit A.

12   (2)    A subpoena commanding production and inspection and copying of

13   documents and appearance by the custodian of record for deposition addressed to

14   American Federation of State County and Municipal Employees, Local 2700 in the form

15   attached hereto as Exhibit B.

16   IT IS FURTHER ORDERED THAT in order to avoid delay in or the continuance

17   of the trial currently scheduled to commence on October 7, 2008, Defendants are

18   authorized to set a return date of September 29, 2008 for the subpoenas.

19

20   Dated: __9/16/2008_____



21   HON. MARILYN HALL PATEL
     UNITED STATES DISTRICT JUDGE

22

23   SF1:727818.1

24   IT IS SO ORDERED

     Judge Marilyn H. Patel

25

26

27

28

[PROPOSED] ORDER PERMITTING THIRD
PARTY DISCOVERY, C-07-0051 MHP

# EXHIBIT A

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Bernice Peoples

**SUBPOENA IN A CIVIL CASE**

V.

County of Contra Costa, Gus Kramer, and Lori Koch

Case Number:[1] C07-00051MHP

TO:

American Federation of State County and Municipal Employees, Local 512 (Custodian of Records)
1333 Pine Street, Suite 1, Martinez CA 94553

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| O'Melveny & Myers, LLP, Two Embarcadero Center, 28th Floor, San Francisco, CA 94111 | September 29, 2008, 9:30am |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| O'Melveny & Myers, LLP, Two Embarcadero Center, 28th Floor, San Francisco, CA 94111 | September 29, 9:30am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)      Attorney for Defendants | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Robin M. Wall, O'Melveny & Myers, LLP, Two Embarcadero Center, 28th Floor, San Francisco, CA 94111, (415) 984-8758

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

Unless the context indicates otherwise, the following words and phrases have the meanings given:

1.      "ACTION" means the lawsuit that Bernice Peoples filed against Contra Costa County, Gus S. Kramer and Lori Koch in the United States District Court, Northern District of California, Case No. C-07-00051-MHP.

2.      "REVISED SECOND AMENDED COMPLAINT" means the Revised Second Amended Complaint deemed filed in the ACTION on or about May 27, 2008, a copy of which is attached hereto at Tab 1.

3.      "DOCUMENTS" is used in the broadest possible sense and shall mean any "writing," as that term is defined in the Federal Rules of Evidence Rule 1001(1), of any nature, whether on paper, magnetic, electronic, or other information storage means, and all non-identical copies, no matter how produced or maintained in YOUR actual or constructive possession, custody, or control.  Without limiting the foregoing, the term "DOCUMENTS" includes any copy that differs in any respect from the original or other versions of the DOCUMENTS, including but not limited to copies containing notations, insertions, corrections, marginal notes, or any other variations.

4.       "YOU" or "YOUR" means American Federation of State County and Municipal Employees, Local 512, and all of YOUR employees, agents, representatives and attorneys.

5.      "PLAINTIFF" means Bernice Peoples, her agents, representatives, and attorneys.

6.      In the event any DOCUMENT is withheld on a claim of attorney/client privilege or work product immunity or any other claimed privilege, provide a privilege log that describes the nature and basis for YOUR claim and the subject matter of the DOCUMENT withheld, in a manner sufficient to disclose facts upon which YOU rely in asserting YOUR claim, and to permit the grounds and reasons for withholding the DOCUMENT to be identified.  Such description should, at a minimum, include:

a.    the date of the DOCUMENT;

b.    an identification of each and every author of the DOCUMENT;

c.    an identification of each and every person who received the
      DOCUMENT;

d.    an identification of each and every person from whom the DOCUMENT
      was received;

e.    a description of the subject of the DOCUMENT; and

f.    sufficient further information concerning the DOCUMENT and
      circumstances thereof necessary to explain the claim of privilege or
      immunity and permit the adjudication of the propriety of that claim.

7.    The words "and" and "or" shall be construed in the conjunctive or disjunctive,
whichever makes the request more inclusive in context.

8.    Any pronouns shall be construed to refer to the masculine, feminine, or neuter
gender, as in each case is most appropriate.

9.    As used herein, "all," "any," "each," or "every" means "all, each and every."

10.   The use of the singular shall be deemed to include the plural and the use of the
plural shall be deemed to include the singular wherever necessary to make the request more
inclusive in context.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS relating to the ACTION, the allegations in the ACTION, or the
REVISED SECOND AMENDED COMPLAINT, including but not limited to those
DOCUMENTS in Mr. Jim Hicks's files.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS relating to PLAINTIFF'S August 2000 complaint alleging sexual
harassment and/or discrimination against Gus S. Kramer and/or the County Assessor's Office,

including but not limited to those DOCUMENTS in Mr. Jim Hicks's files.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS constituting, reflecting, or relating to communications between YOU and anyone else relating to the ACTION, the allegations in the ACTION or the REVISED SECOND AMENDED COMPLAINT, including but not limited to e-mails.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS relating to any allegation, including but not limited to any formal or informal complaint, that Gus S. Kramer, Lori Koch, the County of Contra Costa (the "County"), the County Assessor's Office, or any agent or employee of the County or the Assessor's Office has engaged in race and/or gender discrimination or harassment against PLAINTIFF or anyone else in the Assessor's Office.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS relating to any allegation, including but not limited to any formal or informal complaint, that Gus S. Kramer, Lori Koch, the County of Contra Costa (the "County"), the County Assessor's Office, or any agent or employee of the County or the Assessor's Office has engaged in retaliation against PLAINTIFF or anyone else in the Assessor's Office.

TAB 1

PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
A Professional Law Corporation
1611 Telegraph Avenue, Ste. 1450
Oakland, CA  94612
Telephone:  (510) 452-0292
Facsimile:   (510) 452-5625

Attorneys for Plaintiff
BERNICE PEOPLES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE PEOPLES, <br><br>        Plaintiff, <br><br> vs. <br><br> COUNTY OF CONTRA COSTA, GUS S. KRAMER in his individual capacity, LORI KOCH in her individual capacity, and DOES 1 through 15 inclusive, <br><br>        Defendants. | NO. C07-0051 MHP <br><br> **[REVISED] SECOND AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION** <br> **(JURY TRIAL DEMANDED)** |

Plaintiff BERNICE PEOPLES, by and through her attorneys, alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises under 42 U.S.C. Section 1981 and 42 U.S.C. Section 1983.  Jurisdiction of the Court over Plaintiff's federal claims is invoked pursuant to the provisions of 28 U.S.C. Sections 1331 and 1343.  The alleged unlawful acts and practices

1  occurred in the City of Martinez, County of Contra Costa, California, which is within this

2  judicial district.

3       2.   Jurisdiction over Plaintiff's claims under state law is invoked pursuant to

4  the provisions of 28 U.S.C. Section 1367. The claims which arise under state law are so related

5  to claims within the original jurisdiction of this Court that they form a part of the same case and

6  controversy under Article III of the United States Constitution.

7  **PARTIES**

8       3.   Plaintiff BERNICE PEOPLES is now, and at all times mentioned herein

9  was, a citizen of the United States and a resident of the State of California. MS. PEOPLES is an

10  African-American woman who has been employed in Defendant CONTRA COSTA COUNTY's

11  Assessor's Office since July 1, 1985.

12       4.   Defendant CONTRA COSTA COUNTY (hereinafter referred to as

13  ("COUNTY") is now and at all times mentioned herein was, a public entity organized and

14  existing under the laws of the State of California.

15       5.   Defendant GUS S. KRAMER (hereinafter "KRAMER") is an employee

16  and agent of Defendant COUNTY. Defendant KRAMER serves as the COUNTY Assessor. He

17  acted within the course and scope of his employment and agency at all times. Plaintiff sues

18  Defendant KRAMER in his individual capacity.

19       6.   Defendant LORI KOCH (hereinafter "KOCH") is an employee and agent

20  of Defendant COUNTY. Defendant KOCH serves as the Assistant County Assessor. She acted

21  within the course and scope of her employment and agency at all times. Plaintiff sues Defendant

22  KOCH in her individual capacity.

23       7.   MS. PEOPLES is ignorant of the true names and capacities of the

24  Defendants sued herein as Does 1 through 15, inclusive, and therefore sues these Defendants by

25  such fictitious names. MS. PEOPLES is informed and believes and thereon alleges that each of

26  the fictitiously-named Defendants is responsible in some manner for the occurrences alleged

27  herein, and that MS. PEOPLES' injuries were proximately caused by their conduct. MS.

28  PEOPLES will amend this Complaint to allege their true names and capacities when ascertained.

8. At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of said agency and employment. MS. PEOPLES is informed and believes and thereon alleges that each and every wrongful act by Defendants complained of herein was done with the approval, express or implied, of each of the other Defendants, and each Defendant has ratified and approved the acts and omissions of each of the others.

**FACTUAL ALLEGATIONS**

9. Since 1975, Defendant COUNTY has been subject to a court-sanctioned Consent Decree requiring it to take affirmative action to ensure equal employment opportunity for women and minorities in hiring and promotion. Since at least 1985, the job classifications of Associate Appraiser and Supervising Appraiser have been "imbalanced" within the meaning of the Consent Decree and therefore, subject to specific timetables and goals to increase the number of women and minorities hired into that position. Since at least 1994, the Assessor's Office has issued a report detailing its alleged compliance with the Croskrey Consent Decree, including its stated goal to promote more women and minorities into higher positions.

10. MS. PEOPLES began her employment with Defendant COUNTY as a Junior Appraiser in July 1985. Within the next year, she was flexed into the position of Assistant Appraiser. She has worked in this same position for more than twenty-one (21) years. MS. PEOPLES has a Bachelor of Science degree in Business Administration with a major in Real Estate and Urban Land Economics.

11. Since being hired in 1985, MS. PEOPLES has been one of only two African-Americans hired as Appraisers into the Assessor's office. Ms. PEOPLES has always been the only African-American female employed as an Appraiser in the Assessor's office. Out of a total of forty-four (44) Appraisers in the Residential Division, only two (2) are African-American. There has never been an African-American Residential Supervising Appraiser in the history of the Assessor's Office. There has never been an African-American employed as an Appraiser in the Commercial & Industrial Division of the Assessor's Office.

12. In August 2000, MS. PEOPLES lodged a complaint of gender

1    discrimination based upon sexual harassment against Defendant KRAMER.  MS. PEOPLES was

2    offended by his invitation to join him at a local motel and his suggestions that she was "an

3    expensive date."  Following a perfunctory investigation, Defendant COUNTY cleared Defendant

4    KRAMER of any wrongdoing.

5            13.     Since she filed her sexual harassment complaint in 2000, MS. PEOPLES

6    has been consistently passed over for promotion.  The first promotional opportunity for which

7    Ms. Peoples was eligible occurred in January 2005, followed by successive promotional

8    opportunities in March 2005, May 2005 and January 2006.

9            14.     During the periods immediately preceding her applications for promotion,

10   in August 2004 and again in September 2005, Ms. PEOPLES received performance evaluations

11   in which she received ratings of "exceeds job requirements" in thirteen (13) out of fifteen (15)

12   rating categories, and ratings of "exceptional job performance" in the remaining two (2)

13   categories.  Throughout her tenure in the Assessor's office, MS. PEOPLES has been evaluated

14   regularly.  She has never received a negative performance evaluation.  She has never been

15   disciplined and has gotten along with her co-workers and with the public she serves.

16           15.     Throughout her tenure, MS. PEOPLES has watched other women in her

17   department be promoted.  The average length of time for similarly-situated Caucasian women in

18   the Assessor's Office to be promoted has been five (5) years.  Every other female Appraiser hired

19   in the Residential Division has been promoted.  MS. PEOPLES has more education, experience

20   and tenure than 95% of the Residential Appraisers who have been promoted in the Assessor's

21   Office.

22           16.     In March and May 2005 and again in January 2006, MS. PEOPLES was

23   passed over for promotion several times to the positions of Associate Appraiser and Supervising

24   Appraiser.  In each case, less qualified non-African-American female applicants were selected

25   over her.  All of the candidates chosen had less seniority than she.

26           17.     On January 5, 2006, Defendant COUNTY promoted a less qualified

27   Caucasian male to Associate Appraiser over MS. PEOPLES.   MS. PEOPLES is informed and

28   believes that one of the persons selected for the Associate Appraiser position in January 2006

1   was ranked lower than she by the interview panel. MS. PEOPLES also trained one of the

2   successful candidates for his position.

3         18.   Defendants KRAMER, KOCH and COUNTY's failure to promote MS.

4   PEOPLES is consistent with a pattern and practice of discrimination and promotion-bias against

5   women and minority employees within the COUNTY. MS. PEOPLES was qualified for

6   promotion but was denied promotion because of her race and gender, and in retaliation for her

7   protected activity.

8         19.   On November 6, 2006, MS. PEOPLES exhausted her administrative

9   remedies under the California Fair Employment and Housing Act ("FEHA") by submitting a

10   charge to the California Department of Fair Employment and Housing ("DFEH"). On

11   January 11, 2007, the DFEH issued MS. PEOPLES a Notice of Right to Sue.

12                                     **DAMAGES**

13         20.   As a proximate result of the Defendants' actions as alleged herein, MS.

14   PEOPLES was humiliated, hurt and injured in her health, strength and activity, and suffered and

15   continues to suffer loss of reputation, goodwill and standing in the community, scorn and

16   humiliation, embarrassment, hurt feelings, mental anguish and suffering, depression, anxiety,

17   loss of enjoyment of life, and a general loss of self-esteem and well-being, all to MS. PEOPLES'

18   damage in an amount to be shown according to proof.

19         21.   As a further proximate result of the acts of the Defendants and each of

20   them as alleged herein, MS. PEOPLES has also suffered a significant loss of income and

21   employment benefits in an amount to be shown according to proof in excess of $25,000.00.

22         22.   Defendants KRAMER and KOCH's acts were willful, wanton, malicious

23   and oppressive in that they knew or should have known that their conduct was unreasonable and

24   illegal. Furthermore, KRAMER and KOCH's acts were carried out in wilful and conscious

25   disregard of MS. PEOPLES' constitutional protected federal rights and well-being, entitling MS.

26   PEOPLES to punitive damages in an amount appropriate to punish or make an example of them.

27   ///

28   ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. SECTION 1981**
**RACIAL DISCRIMINATION**
**(ALL DEFENDANTS)**

       23.     MS. PEOPLES refers to and hereby incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

       24.     In doing each and all of the acts alleged herein, Defendants KRAMER and KOCH intentionally, wilfully and without justification, did deprive MS. PEOPLES on the ground of her rights, privileges and immunities secured to her by the Constitution and laws of the United States, particularly her right to be free from intentional discrimination based on race, as provided by 42 U.S.C. Section 1981.

       **WHEREFORE,** Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. SECTION 1983 -**
**GENDER PLUS  RACIAL DISCRIMINATION**
**(DEFENDANTS KRAMER AND KOCH)**

       25.     MS. PEOPLES refers to and hereby incorporates by reference Paragraphs 1 through 24 inclusive, as though fully set forth at length herein.

       26.     In doing each and all of the acts alleged herein, Defendants KRAMER and KOCH were acting under color of state law.

       27.     As an African-American woman, MS. PEOPLES is a member of two (2) protected groups.

       28.     By their conduct herein alleged, Defendants KRAMER and KOCH intentionally, wilfully and without justification, did deprive MS. PEOPLES of her rights, privileges and immunities secured  her by the Constitution and the laws of the United States, including but not limited to her right to due process and equal protection as provided by the Fourteenth Amendment, in violation of 42 U.S.C. Section 1983.

       **WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

///

///

1159P236PYP

**THIRD CAUSE OF ACTION**
**RETALIATION**
__(DEFENDANT COUNTY)__

29.     MS. PEOPLES refers to and hereby incorporates by reference Paragraphs 1 through 28, inclusive, as though fully set forth at length herein.

30.     This action is brought pursuant to FEHA, to obtain relief for MS. PEOPLES suffered in employment because of retaliation based upon her protected activity.

31.     In August 2000, MS. PEOPLES lodged a complaint of sexual harassment and racial discrimination against Defendant Kramer. As a result of her protected activity, Defendant Kramer vowed never to promote her as long as he was the Assessor. Despite her twenty-one years of experience as an Appraiser and her qualifications and commitment, Ms. Peoples was passed over for promotion eleven (11) times in 2005 and 2006.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF FEHA**
__GENDER PLUS RACE DISCRIMINATION__
**(AGAINST DEFENDANT COUNTY)**

32.     MS. PEOPLES realleges and incorporates by reference Paragraphs 1 through 31, inclusive, as if fully set forth herein.

33.     This action is brought pursuant to FEHA, to obtain relief for MS. PEOPLES suffered in employment because of her race and gender.

34.     As an African-American woman, MS. PEOPLES is a member of two (2) protected groups under FEHA.

35.     Defendants' discriminatory actions against MS. PEOPLES, including but not limited to their failure to promote her, have caused and will continue to cause MS. PEOPLES loss of seniority, and losses of all other benefits accruing to said employment opportunity.

**FIFTH CAUSE OF ACTION**
__RETALIATION__
**(DEFENDANT KRAMER)**

36.     Ms. PEOPLES refers to and hereby incorporates by reference Paragraphs 1

through 35, inclusive, as though fully set forth at length herein.

37.     Defendant KRAMER was aware that Ms. PEOPLES engaged in protected activity, including but not limited to filing a complaint of sexual harassment against him.  As a result of Ms. PEOPLES' protected activity, Defendant KRAMER subjected her to adverse treatment, including but not limited to refusing to promote her to Associate Appraiser or Supervising Appraiser in 2005 and 2006.

38.     By his conduct herein alleged, Defendant KRAMER intentionally, wilfully and without justification, did deprive Ms. PEOPLES of her rights, privileges and immunities secured her by the Constitution and the laws of the United States, including but not limited to her right to due process and equal protection as provided by the Fourteenth Amendment, in violation of 42 U.S.C. Section 1983.

39.     In doing each and all of the acts alleged herein, Defendant KRAMER were acting under color of state law.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and each of them as follows:

1.     Compensatory and special damages, including but not limited to, lost wages and benefits, and damages for mental and emotional distress, in excess of $150,000 to be determined at the time of trial;

2.     Costs of suit incurred herein, including reasonable attorneys' fees;

3.     Punitive and exemplary damages in an amount appropriate to punish and make an example of the individual Defendants to be determined at the time of trial;

4.     Injunctive relief against Defendant COUNTY OF CONTRA COSTA and its agents and employees, enjoining them from denying, or aiding or inciting the denial of, the civil rights of any African-American employees on the basis of race or gender in its worksites in the State of California, and compelling the COUNTY to take affirmative steps to ensure a fair work environment and promotional opportunities for African-American employees; and

5.     Such other and further relief as the Court deems just and proper.

///

1    Dated: May 6, 2008                              PRICE AND ASSOCIATES

2                                                    /s/ *Pamela Y. Price*

3    _____

4                                                    PAMELA Y. PRICE, Attorneys for Plaintiff
                                                     BERNICE PEOPLES
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

✎AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Bernice Peoples

### V.

County of Contra Costa, Gus Kramer, and Lori Koch

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C07-00051MHP

TO:

American Federation of State County and Municipal Employees, Local 2700 (Custodian of Records)
1333 Pine Street, Suite 1, Martinez CA 94553

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| O'Melveny & Myers, LLP, Two Embarcadero Center, 28th Floor, San Francisco, CA 94111 | September 29, 2008, 9:30am |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| O'Melveny & Myers, LLP, Two Embarcadero Center, 28th Floor, San Francisco, CA 94111 | September 29, 2008, 9:30am |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Robin M. Wall, O'Melveny & Myers, LLP, Two Embarcadero Center, 28th Floor, San Francisco, CA 94111, (415) 984-8758

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

                                       SIGNATURE OF SERVER

                                         ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

Unless the context indicates otherwise, the following words and phrases have the meanings given:

1.     "ACTION" means the lawsuit that Bernice Peoples filed against Contra Costa County, Gus S. Kramer and Lori Koch in the United States District Court, Northern District of California, Case No. C-07-00051-MHP.

2.     "REVISED SECOND AMENDED COMPLAINT" means the Revised Second Amended Complaint deemed filed in the ACTION on or about May 27, 2008, a copy of which is attached hereto at Tab 1.

3.     "DOCUMENTS" is used in the broadest possible sense and shall mean any "writing," as that term is defined in the Federal Rules of Evidence Rule 1001(1), of any nature, whether on paper, magnetic, electronic, or other information storage means, and all non-identical copies, no matter how produced or maintained in YOUR actual or constructive possession, custody, or control.  Without limiting the foregoing, the term "DOCUMENTS" includes any copy that differs in any respect from the original or other versions of the DOCUMENTS, including but not limited to copies containing notations, insertions, corrections, marginal notes, or any other variations.

4.      "YOU" or "YOUR" means American Federation of State County and Municipal Employees, Local 2700, and all of YOUR employees, agents, representatives and attorneys.

5.     "PLAINTIFF" means Bernice Peoples, her agents, representatives, and attorneys.

6.     In the event any DOCUMENT is withheld on a claim of attorney/client privilege or work product immunity or any other claimed privilege, provide a privilege log that describes the nature and basis for YOUR claim and the subject matter of the DOCUMENT withheld, in a manner sufficient to disclose facts upon which YOU rely in asserting YOUR claim, and to permit the grounds and reasons for withholding the DOCUMENT to be identified.  Such description should, at a minimum, include:

a.  the date of the DOCUMENT;

b.  an identification of each and every author of the DOCUMENT;

c.  an identification of each and every person who received the DOCUMENT;

d.  an identification of each and every person from whom the DOCUMENT was received;

e.  a description of the subject of the DOCUMENT; and

f.  sufficient further information concerning the DOCUMENT and circumstances thereof necessary to explain the claim of privilege or immunity and permit the adjudication of the propriety of that claim.

7.  The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive in context.

8.  Any pronouns shall be construed to refer to the masculine, feminine, or neuter gender, as in each case is most appropriate.

9.  As used herein, "all," "any," "each," or "every" means "all, each and every."

10.  The use of the singular shall be deemed to include the plural and the use of the plural shall be deemed to include the singular wherever necessary to make the request more inclusive in context.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS relating to the ACTION, the allegations in the ACTION, or the REVISED SECOND AMENDED COMPLAINT, including but not limited to those DOCUMENTS in Mr. Jim Hicks's files.

## REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS relating to PLAINTIFF'S August 2000 complaint alleging sexual harassment and/or discrimination against Gus S. Kramer and/or the County Assessor's Office,

including but not limited to those DOCUMENTS in Mr. Jim Hicks's files.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS constituting, reflecting, or relating to communications between YOU and anyone else relating to the ACTION, the allegations in the ACTION or the REVISED SECOND AMENDED COMPLAINT, including but not limited to e-mails.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS relating to any allegation, including but not limited to any formal or informal complaint, that Gus S. Kramer, Lori Koch, the County of Contra Costa (the "County"), the County Assessor's Office, or any agent or employee of the County or the Assessor's Office has engaged in race and/or gender discrimination or harassment against PLAINTIFF or anyone else in the Assessor's Office.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS relating to any allegation, including but not limited to any formal or informal complaint, that Gus S. Kramer, Lori Koch, the County of Contra Costa (the "County"), the County Assessor's Office, or any agent or employee of the County or the Assessor's Office has engaged in retaliation against PLAINTIFF or anyone else in the Assessor's Office.

TAB 1

PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
A Professional Law Corporation
1611 Telegraph Avenue, Ste. 1450
Oakland, CA  94612
Telephone:  (510) 452-0292
Facsimile:   (510) 452-5625

Attorneys for Plaintiff
BERNICE PEOPLES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE PEOPLES, | NO. C07-0051 MHP |
| Plaintiff, | **[REVISED] SECOND AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION** |
| vs. | |
| COUNTY OF CONTRA COSTA, GUS S. KRAMER in his individual capacity, LORI KOCH in her individual capacity, and DOES 1 through 15 inclusive, | **(JURY TRIAL DEMANDED)** |
| Defendants. | |

Plaintiff BERNICE PEOPLES, by and through her attorneys, alleges as follows:

**<u>JURISDICTION AND VENUE</u>**

1.      This action arises under 42 U.S.C. Section 1981 and 42 U.S.C. Section 1983.  Jurisdiction of the Court over Plaintiff's federal claims is invoked pursuant to the provisions of 28 U.S.C. Sections 1331 and 1343.  The alleged unlawful acts and practices

1159P236PYP

1    occurred in the City of Martinez, County of Contra Costa, California, which is within this

2    judicial district.

3         2.    Jurisdiction over Plaintiff's claims under state law is invoked pursuant to

4    the provisions of 28 U.S.C. Section 1367. The claims which arise under state law are so related

5    to claims within the original jurisdiction of this Court that they form a part of the same case and

6    controversy under Article III of the United States Constitution.

7                                    **PARTIES**

8         3.    Plaintiff BERNICE PEOPLES is now, and at all times mentioned herein

9    was, a citizen of the United States and a resident of the State of California. MS. PEOPLES is an

10   African-American woman who has been employed in Defendant CONTRA COSTA COUNTY's

11   Assessor's Office since July 1, 1985.

12        4.    Defendant CONTRA COSTA COUNTY (hereinafter referred to as

13   ("COUNTY") is now and at all times mentioned herein was, a public entity organized and

14   existing under the laws of the State of California.

15        5.    Defendant GUS S. KRAMER (hereinafter "KRAMER") is an employee

16   and agent of Defendant COUNTY. Defendant KRAMER serves as the COUNTY Assessor. He

17   acted within the course and scope of his employment and agency at all times. Plaintiff sues

18   Defendant KRAMER in his individual capacity.

19        6.    Defendant LORI KOCH (hereinafter "KOCH") is an employee and agent

20   of Defendant COUNTY. Defendant KOCH serves as the Assistant County Assessor. She acted

21   within the course and scope of her employment and agency at all times. Plaintiff sues Defendant

22   KOCH in her individual capacity.

23        7.    MS. PEOPLES is ignorant of the true names and capacities of the

24   Defendants sued herein as Does 1 through 15, inclusive, and therefore sues these Defendants by

25   such fictitious names. MS. PEOPLES is informed and believes and thereon alleges that each of

26   the fictitiously-named Defendants is responsible in some manner for the occurrences alleged

27   herein, and that MS. PEOPLES' injuries were proximately caused by their conduct. MS.

28   PEOPLES will amend this Complaint to allege their true names and capacities when ascertained.

8. At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of said agency and employment. MS. PEOPLES is informed and believes and thereon alleges that each and every wrongful act by Defendants complained of herein was done with the approval, express or implied, of each of the other Defendants, and each Defendant has ratified and approved the acts and omissions of each of the others.

**FACTUAL ALLEGATIONS**

9. Since 1975, Defendant COUNTY has been subject to a court-sanctioned Consent Decree requiring it to take affirmative action to ensure equal employment opportunity for women and minorities in hiring and promotion. Since at least 1985, the job classifications of Associate Appraiser and Supervising Appraiser have been "imbalanced" within the meaning of the Consent Decree and therefore, subject to specific timetables and goals to increase the number of women and minorities hired into that position. Since at least 1994, the Assessor's Office has issued a report detailing its alleged compliance with the Croskrey Consent Decree, including its stated goal to promote more women and minorities into higher positions.

10. MS. PEOPLES began her employment with Defendant COUNTY as a Junior Appraiser in July 1985. Within the next year, she was flexed into the position of Assistant Appraiser. She has worked in this same position for more than twenty-one (21) years. MS. PEOPLES has a Bachelor of Science degree in Business Administration with a major in Real Estate and Urban Land Economics.

11. Since being hired in 1985, MS. PEOPLES has been one of only two African-Americans hired as Appraisers into the Assessor's office. Ms. PEOPLES has always been the only African-American female employed as an Appraiser in the Assessor's office. Out of a total of forty-four (44) Appraisers in the Residential Division, only two (2) are African-American. There has never been an African-American Residential Supervising Appraiser in the history of the Assessor's Office. There has never been an African-American employed as an Appraiser in the Commercial & Industrial Division of the Assessor's Office.

12. In August 2000, MS. PEOPLES lodged a complaint of gender

1    discrimination based upon sexual harassment against Defendant KRAMER.  MS. PEOPLES was

2    offended by his invitation to join him at a local motel and his suggestions that she was "an

3    expensive date."  Following a perfunctory investigation, Defendant COUNTY cleared Defendant

4    KRAMER of any wrongdoing.

5         13.    Since she filed her sexual harassment complaint in 2000, MS. PEOPLES

6    has been consistently passed over for promotion.  The first promotional opportunity for which

7    Ms. Peoples was eligible occurred in January 2005, followed by successive promotional

8    opportunities in March 2005, May 2005 and January 2006.

9         14.    During the periods immediately preceding her applications for promotion,

10   in August 2004 and again in September 2005, Ms. PEOPLES received performance evaluations

11   in which she received ratings of "exceeds job requirements" in thirteen (13) out of fifteen (15)

12   rating categories, and ratings of "exceptional job performance" in the remaining two (2)

13   categories.  Throughout her tenure in the Assessor's office, MS. PEOPLES has been evaluated

14   regularly.  She has never received a negative performance evaluation.  She has never been

15   disciplined and has gotten along with her co-workers and with the public she serves.

16        15.    Throughout her tenure, MS. PEOPLES has watched other women in her

17   department be promoted.  The average length of time for similarly-situated Caucasian women in

18   the Assessor's Office to be promoted has been five (5) years.  Every other female Appraiser hired

19   in the Residential Division has been promoted.  MS. PEOPLES has more education, experience

20   and tenure than 95% of the Residential Appraisers who have been promoted in the Assessor's

21   Office.

22        16.    In March and May 2005 and again in January 2006, MS. PEOPLES was

23   passed over for promotion several times to the positions of Associate Appraiser and Supervising

24   Appraiser.  In each case, less qualified non-African-American female applicants were selected

25   over her.  All of the candidates chosen had less seniority than she.

26        17.    On January 5, 2006, Defendant COUNTY promoted a less qualified

27   Caucasian male to Associate Appraiser over MS. PEOPLES.   MS. PEOPLES is informed and

28   believes that one of the persons selected for the Associate Appraiser position in January 2006

-4-

[REVISED] SECOND AMENDED COMPLAINT (C07-0051 MHP)

1  was ranked lower than she by the interview panel. MS. PEOPLES also trained one of the

2  successful candidates for his position.

3         18.    Defendants KRAMER, KOCH and COUNTY's failure to promote MS.

4  PEOPLES is consistent with a pattern and practice of discrimination and promotion-bias against

5  women and minority employees within the COUNTY. MS. PEOPLES was qualified for

6  promotion but was denied promotion because of her race and gender, and in retaliation for her

7  protected activity.

8         19.    On November 6, 2006, MS. PEOPLES exhausted her administrative

9  remedies under the California Fair Employment and Housing Act ("FEHA") by submitting a

10  charge to the California Department of Fair Employment and Housing ("DFEH"). On

11  January 11, 2007, the DFEH issued MS. PEOPLES a Notice of Right to Sue.

12  **DAMAGES**

13         20.    As a proximate result of the Defendants' actions as alleged herein, MS.

14  PEOPLES was humiliated, hurt and injured in her health, strength and activity, and suffered and

15  continues to suffer loss of reputation, goodwill and standing in the community, scorn and

16  humiliation, embarrassment, hurt feelings, mental anguish and suffering, depression, anxiety,

17  loss of enjoyment of life, and a general loss of self-esteem and well-being, all to MS. PEOPLES'

18  damage in an amount to be shown according to proof.

19         21.    As a further proximate result of the acts of the Defendants and each of

20  them as alleged herein, MS. PEOPLES has also suffered a significant loss of income and

21  employment benefits in an amount to be shown according to proof in excess of $25,000.00.

22         22.    Defendants KRAMER and KOCH's acts were willful, wanton, malicious

23  and oppressive in that they knew or should have known that their conduct was unreasonable and

24  illegal. Furthermore, KRAMER and KOCH's acts were carried out in wilful and conscious

25  disregard of MS. PEOPLES' constitutional protected federal rights and well-being, entitling MS.

26  PEOPLES to punitive damages in an amount appropriate to punish or make an example of them.

27  ///

28  ///

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. SECTION 1981**
**RACIAL DISCRIMINATION**
**(ALL DEFENDANTS)**

23.    MS. PEOPLES refers to and hereby incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

24.    In doing each and all of the acts alleged herein, Defendants KRAMER and KOCH intentionally, wilfully and without justification, did deprive MS. PEOPLES on the ground of her rights, privileges and immunities secured to her by the Constitution and laws of the United States, particularly her right to be free from intentional discrimination based on race, as provided by 42 U.S.C. Section 1981.

**WHEREFORE,** Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. SECTION 1983 -**
**GENDER PLUS RACIAL DISCRIMINATION**
**(DEFENDANTS KRAMER AND KOCH)**

25.    MS. PEOPLES refers to and hereby incorporates by reference Paragraphs 1 through 24 inclusive, as though fully set forth at length herein.

26.    In doing each and all of the acts alleged herein, Defendants KRAMER and KOCH were acting under color of state law.

27.    As an African-American woman, MS. PEOPLES is a member of two (2) protected groups.

28.    By their conduct herein alleged, Defendants KRAMER and KOCH intentionally, wilfully and without justification, did deprive MS. PEOPLES of her rights, privileges and immunities secured her by the Constitution and the laws of the United States, including but not limited to her right to due process and equal protection as provided by the Fourteenth Amendment, in violation of 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

///
///

**THIRD CAUSE OF ACTION**
**RETALIATION**
__(DEFENDANT COUNTY)__

29.     MS. PEOPLES refers to and hereby incorporates by reference Paragraphs 1 through 28, inclusive, as though fully set forth at length herein.

30.     This action is brought pursuant to FEHA, to obtain relief for MS. PEOPLES suffered in employment because of retaliation based upon her protected activity.

31.     In August 2000, MS. PEOPLES lodged a complaint of sexual harassment and racial discrimination against Defendant Kramer.  As a result of her protected activity, Defendant Kramer vowed never to promote her as long as he was the Assessor.  Despite her twenty-one years of experience as an Appraiser and her qualifications and commitment, Ms. Peoples was passed over for promotion eleven (11) times in 2005 and 2006.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF FEHA**
__GENDER PLUS RACE DISCRIMINATION__
**(AGAINST DEFENDANT COUNTY)**

32.     MS. PEOPLES  realleges and incorporates by reference Paragraphs 1 through 31, inclusive, as if fully set forth herein.

33.     This action is brought pursuant to FEHA, to obtain relief for MS. PEOPLES suffered in employment because of her race and gender.

34.     As an African-American woman, MS. PEOPLES is a member of two (2) protected groups under FEHA.

35.     Defendants' discriminatory actions against MS. PEOPLES, including but not limited to their failure to promote her, have caused and will continue to cause MS. PEOPLES loss of seniority, and losses of all other benefits accruing to said employment opportunity.

**FIFTH CAUSE OF ACTION**
__RETALIATION__
**(DEFENDANT KRAMER)**

36.     Ms. PEOPLES refers to and hereby incorporates by reference Paragraphs 1

through 35, inclusive, as though fully set forth at length herein.

37. Defendant KRAMER was aware that Ms. PEOPLES engaged in protected activity, including but not limited to filing a complaint of sexual harassment against him. As a result of Ms. PEOPLES' protected activity, Defendant KRAMER subjected her to adverse treatment, including but not limited to refusing to promote her to Associate Appraiser or Supervising Appraiser in 2005 and 2006.

38. By his conduct herein alleged, Defendant KRAMER intentionally, wilfully and without justification, did deprive Ms. PEOPLES of her rights, privileges and immunities secured her by the Constitution and the laws of the United States, including but not limited to her right to due process and equal protection as provided by the Fourteenth Amendment, in violation of 42 U.S.C. Section 1983.

39. In doing each and all of the acts alleged herein, Defendant KRAMER were acting under color of state law.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and each of them as follows:

1. Compensatory and special damages, including but not limited to, lost wages and benefits, and damages for mental and emotional distress, in excess of $150,000 to be determined at the time of trial;

2. Costs of suit incurred herein, including reasonable attorneys' fees;

3. Punitive and exemplary damages in an amount appropriate to punish and make an example of the individual Defendants to be determined at the time of trial;

4. Injunctive relief against Defendant COUNTY OF CONTRA COSTA and its agents and employees, enjoining them from denying, or aiding or inciting the denial of, the civil rights of any African-American employees on the basis of race or gender in its worksites in the State of California, and compelling the COUNTY to take affirmative steps to ensure a fair work environment and promotional opportunities for African-American employees; and

5. Such other and further relief as the Court deems just and proper.

///

1   Dated: May 6, 2008                                 PRICE AND ASSOCIATES

2                                           /s/ *Pamela Y. Price*

3

4                                         PAMELA Y. PRICE, Attorneys for Plaintiff
                                            BERNICE PEOPLES

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

[REVISED] SECOND AMENDED COMPLAINT (C07-0051 MHP)